**BURGER KING CORPORATION,**
Plaintiff,

v.

**PILGRIM'S PRIDE CORPORATION,**
**Defendant.**

No. 87–0610–CIV.

United States District Court,
S.D. Florida.

Aug. 15, 1996.

Louis Pirkey, Austin, TX, Alan Greer, Miami, FL, for plaintiff.

Charles Cotropia, Dallas, TX, Edward McHale, Miami, FL, for defendant.

## *ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the Report and Recommendation of the Magistrate Judge, entered on May 8, 1996. Defendant filed objections to the Report and Recommendation on May 22, 1996. Plaintiff responded on June 8, 1996. After requesting and receiving an extension of time, Defendant filed a reply on June 26, 1996.

Section 636(b)(1) of the Federal Magistrate's Act provides that a District Judge shall make a *de novo* determination of those parts of the Magistrate Judge's Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980); *Gropp v. United Airlines, Inc.,* 817 F.Supp. 1558, 1560 (M.D.Fla. 1993).

### *I. Procedural Background*

On December 2, 1988, this Court entered judgment against Defendant for trademark infringement. Defendant sold a chicken breast meat product under the name "Chicken Tenders," a mark under which Plaintiff was selling its own chicken breast meat prod-

uct in its restaurants. The Court ruled that Plaintiff was entitled to an accounting of Defendant's profits, a judgment that was affirmed by the United States Court of Appeals for the Eleventh Circuit. The Court of Appeals also granted Plaintiff's petition for appellate attorney's fees. Various appeals and pleadings ensued, the details of which are more fully set forth in Plaintiff's response to Defendant's objections.

Currently before the Court is the Report and Recommendation of the Honorable William C. Turnoff, Chief Magistrate Judge. The Report is addressed to Plaintiff's Petition for Attorney's Fees and Defendant's Motion for Summary Judgment as to Damages. The parties took discovery as to damages, profits, and various accounting issues. After conducting a hearing, the Magistrate Judge issued a twelve-page Report in which he recommended that Plaintiff be awarded $1,259,663.00 in profits. He also recommended that Plaintiff be reimbursed $106,-034.83 in attorney's fees and $8,878.65 in costs.

Plaintiff stipulated that it would not seek recovery premised on actual damages, but would confine its request to profits that flowed from Defendant's use of the infringing mark. By law, Defendant is entitled to deduct certain expenses from the gross figure from which Plaintiff's recovery would be based. As such, Defendant requested a summary accounting based on documentary evidence. Defendant objects to only two of the conclusions contained in the Report and Recommendation: 1) that it is entitled to deduct only a portion of the total expenses attributed to the advertising of the infringing product, and 2) that it is not entitled to deduct any of the selling costs attributed to the product.

## II. Analysis

Defendant devotes a substantial portion of its memorandum to its argument that Plaintiff has misinterpreted the controlling case law. This argument is unavailing. The Court's concern is simply whether the Magistrate Judge correctly applied that law.

■ Plaintiff seeks profits on sales of Defendant's "Chicken Tenders" for the thirty-five month period from August 1986 to June 1989. Plaintiff has the burden of showing the amount of Defendant's sales of the infringing product, while Defendant bears the burden of showing all elements of costs of other deductions. 15 U.S.C. § 1117. Doubts concerning deductions must be resolved against the infringer. *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2d Cir.1985).

■ The revenue generated by the "Chicken Tenders" for the subject period is undisputed. Instead, the parties disagree on whether the Court may deduct costs attributed to advertising and selling costs. To allow a deduction from gross profits, Defendant must establish that the claimed expenses actually relate to the sale and production of the infringing product. *Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582, 586 (5th Cir.1980).

The Magistrate Judge concluded that Defendant could deduct $105,975.00 in advertising expenses, approximately ten percent of Defendant's claimed total advertising costs of $1,338,831.00. The deductible figure was arrived at by totaling all expenses that specifically identified the "Chicken Tenders" product on the invoice. The Magistrate Judge concluded that Defendant failed to show that the remaining claimed advertising costs specifically related to the sales of "Chicken Tenders" and not to its other prepared foods.

Defendant again emphasizes that Plaintiff has erroneously analyzed the case law. The Court looks instead to the Magistrate Judge's analysis, which is clear and succinct. The Magistrate Judge applied the standard set forth in *Maltina*, and reached a conclusion grounded in the case law and supported by the Restatement of Unfair Competition. The latter emphasizes that "[i]nternal apportionments made by the defendant are not necessarily determinative. Only costs directly attributable to the production of the infringing goods are deductible." Restatement (Third) of Unfair Competition § 37, comment h.

The Magistrate Judge engaged in similar analysis in reaching the conclusion that De-

fendant is not entitled to deduct $465,245.00 in selling costs attributed to the "Chicken Tenders" product. Defendant advances essentially the same, unavailing arguments in opposition to the Magistrate Judge's conclusion.

As befits objections to a Report and Recommendation, the Court has reviewed the record *de novo*. It is simply unpersuaded by Defendant's substantive arguments, as well as by its contentions that the Magistrate Judge improperly weighed the evidence. The Magistrate Judge's Report and Recommendation is well-reasoned, obviously the product of extensive briefing, a hearing, and careful and thorough analysis.

### III. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Magistrate Judge's Report and Recommendation be, and the same is hereby, AFFIRMED, ADOPTED, and RATIFIED. For the reasons stated in the Report and Recommendation, it is

FURTHER ORDERED and ADJUDGED that Defendant be, and the same is hereby, AWARDED $1,259,663.00 in profits. It is

FURTHER ORDERED and ADJUDGED that Defendant be, and the same is hereby, REIMBURSED $106,034.83 in attorney's fees and $8,878.65 in costs.

DONE and ORDERED.